

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00560-CR
## NO. 02-11-00561-CR

MICHAEL FRED WEHRENBERG                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION ON REMAND[1]

----------

We held in the original opinion in this cause that the trial court had erred by denying in part Appellant Michael Fred Wehrenberg's motion to suppress evidence because (1) exigent circumstances did not justify the initial warrantless entry into the residence by police and (2) the federal independent source doctrine

---

[1]*See* Tex. R. App. P. 47.4.

did not apply to except the challenged evidence from the Texas exclusionary rule. *See Wehrenberg v. State*, 385 S.W.3d 715, 717 (Tex. App.—Fort Worth 2012) (*Wehrenberg I*), *rev'd*, 416 S.W.3d 458 (Tex. Crim. App. 2013) (*Wehrenberg II*). The court of criminal appeals subsequently granted the portion of the State's petition for discretionary review challenging our holding regarding the independent source doctrine; reversed our judgment, concluding that code of criminal procedure article 38.23 is consistent with, and does not preclude application of, the independent source doctrine; and remanded the cause to this court "for further consideration of [Wehrenberg's] argument that the trial court erroneously denied his motion to suppress."[2] *Wehrenberg II*, 416 S.W.3d at 464, 467–73.

"[T]he core function of the independent source doctrine is to remove from the scope of the federal exclusionary rule evidence that is actually discovered through an independent source and thus is untainted by the prior instance of unlawful police conduct." *Id.* at 467. Although we ultimately declined to apply the doctrine in our original opinion, we did make the following observation:

> Investigator Montanez testified that all of the information contained in the search warrant affidavit was derived from facts that were made known to him by the confidential informant before the warrantless entry into the residence. We have reviewed the affidavit, and Investigator Montanez's testimony is accurate.

---

[2]In a footnote, the court stated, "Regarding appellant's argument that the independent source doctrine, even if generally applicable, does not apply to the facts of this case, we do not address that argument in this opinion because it is more properly addressed upon remand." *Wehrenberg II*, 416 S.W.3d at 464 n.3.

2

Because the police did not rely upon any of the information that they may have gleaned during the initial warrantless entry to support their request for a search warrant, this case would appear to fall squarely within the parameters of the independent source doctrine.

*Wehrenberg I*, 385 S.W.3d at 727. Our opinion of the record evidence has not changed on remand. Investigator Montez testified at the suppression hearing,

> Q. . . . . The confidential informant gave you all this information contained in the Affidavit, correct?
>
> A. Yes.
>
> Q. All right. So any -- if you saw any items of contraband or items that may be used in the manufacture of methamphetamine in your protective sweep of the residence, did you tell Judge Merkley in your Affidavit, "Hey, I also saw these things on my own," or is it just from what the confidential informant told you?
>
> A. It's just from what the confidential informant told me.
>
> . . . .
>
> Q. The confidential informant who relayed this information about what was going on at 501 Center Point Road, really when did he give you that information? Ball park.
>
> A. A few hours before we detained everybody at the residence.
>
> Q. Okay. So you had information a couple hours before you all go up to the house that there was an active or potentially an active meth lab going on in the house right there?
>
> A. Yes.

Wehrenberg argues that "the search warrant was not based entirely on information obtained before the illegal entry," but he provides no further analysis

3

or citation to the record, and his argument conflicts with Investigator Montanez's unambiguous—and undisputed—testimony from the suppression hearing.

Accordingly, because the facts contained in the search warrant affidavit were derived from a source independent of the information that the police may have gleaned during their initial warrantless entry into the residence, and because the court of criminal appeals has clarified that the independent source doctrine applies in Texas, we now hold that the trial court did not err by denying Wehrenberg's motion to suppress evidence. We overrule Wehrenberg's sole point and affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 6, 2014

4